IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| WOODROE DULANEY, | ) | |
| | ) | |
| Plaintiff, | ) | 8:06CV360 |
| | ) | |
| v. | ) | |
| | ) | |
| CLEAR CHANNEL BROADCASTING, INC., | ) ) | **STIPULATED PROTECTIVE ORDER** |
| | ) | |
| Defendant. | ) | |

Plaintiff Woodroe Dulaney and Defendant Clear Channel Broadcasting, Inc., by their respective attorneys, hereby stipulate to the following Protective Order relating to financial, medical, social security, and general proprietary information that the Parties seek to keep confidential.

1. **PURPOSE**

Plaintiff and Defendant in the above-captioned action (this "Action") recognize the preparation and trial of this Action will require the discovery of certain financial, medical, social security, and general proprietary information *related to Plaintiff and Defendant, including Defendant's employees* (hereinafter simply "Confidential Information"). Plaintiff and Defendant desire to litigate this Action without jeopardizing the confidentiality of Confidential Information produced by the parties and non-parties, and therefore enter into this Stipulated Protective Order ("Order").

2. **MATERIALS COVERED**

The protection of this Order may be invoked with respect to any information or documents produced in discovery in this Action by Plaintiff, Defendant, and/or non-parties which contain Confidential Information. This Order also pertains to any depositions or discovery requests or responses containing or referring to Confidential Information, which may be protected by designation as "Confidential," as described respectively in Paragraph 4 below. If

documents produced in discovery contain Confidential Information and have been designated "Confidential," the Parties will be bound by the terms of this Stipulated Protective Order.

3. **DISCLOSURE PROHIBITIONS**

Any party or non-party furnishing Confidential Information pursuant to formal or informal discovery (the "Producing Party") to any other Party (the "Inspecting Party") may designate all or any portion of such materials, documents, or deposition testimony as "Confidential," which material will be subject to the provisions set forth below. Any material, information, documents, or testimony so designated by this designation shall remain confidential and shall not be revealed, disclosed, or made available for inspection or copying to any person or entity whatsoever except as provided below. Each person to whom Confidential Information is disclosed, except those individuals identified in subparagraphs 4(a)(i), (ii), (iv), and (vi), shall execute an undertaking in the form annexed hereto as Exhibit A, and shall agree to be bound by this Order. Counsel for each party shall be responsible for maintaining copies of acknowledgments signed by these people to whom they make available such Confidential Information.

After the Confidential Information is produced for review, but before copies of documents containing the Confidential Information are sent to the Inspecting Party, the Producing Party may designate the copies as "Confidential."

4. **"CONFIDENTIAL" MATERIAL**

(a) Materials, information, documents, or testimony designated as "Confidential" by any party or non-party, pursuant to the terms of this Order, may be disclosed by counsel for any party only for the purpose of this litigation and not for any business or other purpose. Such disclosure may be made only to:

  (i)  The Court, its secretaries, clerks, and law clerks;

  (ii)  Attorneys in a law firm appearing of record for a party in this Action, in-house attorneys employed by any Party to this Action and working on this litigation, and their employed secretaries, paralegals, and legal assistants (this category hereinafter referred to as "Attorneys");

  (iii)  Any expert who is retained by counsel of record for any of the Parties in this Action to assist counsel in this litigation, and any employee of such an expert assisting in this Action (this category hereinafter referred to as "Experts");

  (iv)  The Parties to this Action;

  (v)  Any person who may testify as a witness at either a deposition or Court proceeding in this Action for the purpose of assisting in the preparation or examination of the witness; and

  (vi)  As required to be disclosed by any law or Court Order.

  5.  **<u>INVOCATION OF THIS ORDER</u>**

The protection of this Order with regard to Confidential Information may be invoked by the party or non-party producing or disclosing such material in the following manner:  With respect to documents, the copy of the document when produced shall bear the clear and legible designation "Confidential," or if a series or category of documents are "Confidential," the box, envelope, or container may contain such designation for all such documents therein.  With respect to answers to interrogatories or requests for admission, pages of these responses containing Confidential Information shall be so marked.  With respect to any deposition, such treatment may be invoked by:

    (a)    Declaring the same on the record at the deposition; or

    (b)    Designating specific pages as "Confidential" and serving such designations within 30 days of receipt of the transcript of the deposition in which the designations are made.

All deposition transcripts shall be treated as "Confidential" (with the exception that deponent may have access to his deposition) for the 10 day period following the receipt of the transcript. Each Party shall cause a copy of any written request for a deposition to be "Confidential" to be attached to the face of the transcript and each copy thereof in his possession, custody, or control. Where only a portion of a document need be restricted, counsel for the Producing Party will, on request, cooperate in excising the "Confidential" part of the document and releasing the remainder of the documents for the restrictions contained herein.

6. **CHALLENGE TO DESIGNATION**

Should any party to this Action object to the designation of documents or testimony or other discovery material as "Confidential," then the party or non-party designating such documents, depositions, or other material shall provide reasons for such designation in writing; thereafter, the objecting party may apply to the Court at any time prior to the final trial to declassify the designated documents; provided, however, that any document the designation of which is subject to dispute shall be treated as "Confidential" subject to this Protective Order pending further order of the Court. Any motion made pursuant to this paragraph is subject to the provisions of Rule 37(a)(4) of the Federal Rules of Civil Procedure.

7. **HANDLING AND DISPOSITION OF MATERIAL: HANDLING AT CONCLUSION OF CASE**

All documents or materials containing Confidential Information shall be maintained in the custody of the party's counsel of record. Within 60 days after the entry of final judgment, the entry of a dismissal order (or orders) implementing a settlement by all parties completely

resolving this matter or the entry of a final judgment and one or more dismissal orders effectuating settlements, which, in combination, resolve all claims made by any party against other party in this Action, including appeals or petitions for review, then the original and all copies of each "Confidential" document or materials (on request of the Producing Party) shall be returned to the Producing Party or destroyed and all summaries, digests, and synopses of such information shall be destroyed.

8. **CONTINUATION OF THIS ORDER**

Insofar as the provisions of this Order restrict the use or communication of any document or information produced hereunder, such Order shall continue to be binding after the conclusion of this Action, except that a party may seek the written permission of all parties or a further order of the Court with respect to dissolution or modification of this Order.

9. **FURTHER APPLICATION**

Nothing in this Order shall preclude any party or non-party from applying to the Court for additional, different or less restrictive protective provisions in respect to specific material if the need shall arise during this litigation.

10. **INFORMATION FROM OTHER SOURCES**

This Order shall apply only to material obtained from parties in this Action, or material obtained from non-parties pursuant to subpoena, and shall not apply to information in the public domain or obtained from other sources not in violation of this Order or any other agreement regardless of whether or not such information is also contained in discovery materials designated as "Confidential" in this case.

11. **USE IN COURT PROCEEDINGS**

Nothing contained in this Order shall be construed to prejudice any party's right to use Confidential Information at a hearing, trial, in support of or in opposition to any motion or in any other manner that allows the public to access it. However, before submitting any material designated as "Confidential" to the Court at a hearing, trial, in support of or in opposition to any motion or in any other manner that allows the public to access it, the submitting party shall give the other party reasonable notice of its intent to do so. The party receiving such notice may, in a reasonable timeframe that does not interfere with the submitting party's deadlines, designate some or all of the "Confidential" material listed in the notice to be submitted under seal pursuant to Nebraska Civil Rule 7.5(a)(1) and (d).[1] The parties will, upon disagreements over designations to seal, work together in good-faith to resolve such disagreements by, for example, redacting the information giving rise to the designation to seal or otherwise agreeing to a format for the Confidential Information that does not require it be sealed.

By designating any material "Confidential," the parties do not acknowledge that any such material is relevant or discoverable in this action. Furthermore, all parties reserve the right to seek discovery of, or alternatively to resist discovery of, such material in this action. Designations of "Confidential" shall not be made known to the jury in any manner. Further, by conducting the preparation for final trial of this Action under the terms of this Order, the parties do not waive, and expressly retain the right to assert in this proceeding and elsewhere, the application of any common law or statutory privileges or any theory of immunity to prevent the disclosure of the privileged or Confidential Information in whole or in part or in any form.

---

[1] This provision shall not apply to Confidential Information intended solely for impeachment purposes.

OM 13750.1

It is hereby stipulated and agreed to by and between the parties to this Action through their undersigned attorneys. The parties respectfully request this Court to enter this Stipulated Protective Order.

CLEAR CHANNEL BROADCASTING,
INC., Defendant.

By:         /s/George E. Martin, III
     George E. Martin, III, #21747
     Pamela J. Bourne, #21916
     SPENCER FANE BRITT & BROWNE LLP
     9420 Underwood Avenue, Suite 200
     Omaha, Nebraska 68114
     (402) 965-8600
     (402) 965-8601 (FAX)
     Email: gmartin@spencerfane.com
     Email: pbourne@spencerfane.com

WOODROE DULANEY, Plaintiff

By:         /s/Robert V. Broom
     Robert V. Broom, #10444
     BROOM JOHNSON CLARKSON & LANPHIER
     1722 St. Mary's Avenue, #310
     Omaha, NE 68102
     (402) 346-8323
     (402) 346-5426 (FAX)
     Email: bobb@qwest.net

**ORDER**

PURSUANT TO STIPULATION, IT IS SO ORDERED.

Date: May 16, 2007.

                              BY THE COURT:

                              /s/ Lyle E. Strom
                              _____
                              LYLE E. STROM, Senior Judge
                              United States District Court

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA**

| | | |
|---|---|---|
| WOODROE DULANEY, | ) | Case No. 8:06CV0359 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **AGREEMENT CONCERNING** |
| | ) | **DOCUMENTS COVERED BY** |
| | ) | **STIPULATED PROTECTIVE** |
| CLEAR CHANNEL BROADCASTING, | ) | **ORDER** |
| INC., | ) | |
| | ) | |
| Defendant. | ) | |

_____, who maintains his/her address at _____, and is employed by _____ hereby acknowledges that:

 1. He/She has read the Stipulated Protective Order dated _____ in the above-captioned action, understands the terms thereof, and agrees to be bound by such terms;

 2. He/She agrees and hereby submits himself/herself to the personal jurisdiction of the United States District Court for the District of Nebraska, for the purpose of enforcement of the Protective Order.

 3. (a) He/She will make only such copies or notes as are essential to enable him/her to render the assistance required in connection with this litigation, and such notes and copies shall be preserved in a separate file marked for disposal or destruction upon completion of this litigation;

  (b) He/She will not reveal the contents of "Confidential" material to any unauthorized person; and

    (c)  He/She will not use "Confidential" material for business or competitive purposes, or for any other purpose other than the prosecution or the defense of this action.

_____
Signature

_____
Date